UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

SAMUEL WEISS,
    6712 Westmoreland Avenue,
    Takoma Park, MD 20912

        *Plaintiff*,

v.

FEDERAL BUREAU OF PRISONS,
    320 First Street, N.W.
    Washington, DC 20534

        *Defendant*.

Case No. 8:25-cv-3740

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, seeking declaratory, injunctive, and other appropriate relief to compel the release of agency records improperly withheld by Defendant, Federal Bureau of Prisons ("BOP").

2. On June 3, 2025, Plaintiff Samuel Weiss submitted a FOIA request to Defendant BOP seeking records related to BOP's internal procedures, policies, or guidance for processing FOIA or Privacy-Act requests. *See* Exhibit A, FOIA Request from Plaintiff (the "Request").

3. To date, BOP has failed to issue a determination on Plaintiff's Request and has failed to disclose the requested documents within the required statutory time period. To vindicate the public's right to information under the FOIA, Plaintiff seeks declaratory, injunctive, and other appropriate relief to compel Defendant to immediately process the Request and release records that it has unlawfully withheld.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. §§ 552(a)(4)(B), and 552(a)(6)(C)(i). This Court also has jurisdiction under 28 U.S.C. §§ 1331, 1346(a)(2), 2201(a), and 2202.

5. Venue lies in this district pursuant to 5 U.S.C. §§ 552(a)(4)(B) because Plaintiff resides in Montgomery County, Maryland, within this judicial district.

## PARTIES

6. Plaintiff Samuel Weiss is the founder and Executive Director of Rights Behind Bars, a non-profit legal advocacy organization that litigates conditions of confinement claims against prisons, jails, and immigration detention centers. Plaintiff Weiss has published several academic articles or book chapters on prison law and is a Lecturer on Law at Harvard Law School, where he teaches courses on prison law. He has also served as a Visiting Professor at Georgetown University Law Center where he taught a course on prison law. Plaintiff Weiss resides in Takoma Park, Maryland.

7. Defendant BOP is an agency of the U.S. government within the meaning of 5 U.S.C. §§ 552(f)(1). Defendant BOP has possession, custody, and control of records responsive to the Request.

## STATEMENT OF FACTS

I. **Plaintiff's Request for Information**

8. On June 3, 2025, Plaintiff submitted a request for records pursuant to the FOIA, 5 U.S.C. § 552, *et seq.*, to Defendant via e-mail. *See* Exhibit A, Plaintiff's Request.

2

9. Specifically, the Request sought "all non-exempt records that set out the Bureau of Prisons' internal procedures, policies, or guidance for processing FOIA or Privacy-Act requests." Plaintiff specified that the information requested includes, but is not limited to:

> 1. The most current version (and any superseded versions issued since 2015) of the BOP FOIA Processing Manual, Handbook, Desk Guide, Standard Operating Procedure, or equivalent document used by the FOIA/PA Section.
> 2. All training slide decks, flow-charts, check-lists, form letters, or quick-reference job aids provided to FOIA analysts or paralegal specialists for logging, searching, reviewing, redacting, or releasing records.
> 3. Any change notices or memoranda that modify Program Statement 1351.05 "Release of Information."

10. Plaintiff sought a waiver of applicable fees on the ground that disclosure of the requested records is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 28 C.F.R. § 16.10(k)(2).

11. In support of his request for a fee waiver, Plaintiff noted that disclosure of the materials is in the public interest because the requested records will inform the public about how BOP administers its obligations under FOIA and the Privacy Act. Plaintiff further explained that he works at a 501(c)(3) organization and does not seek the records for any commercial interest. Moreover, Plaintiff stated that he teaches prison law courses and qualifies as an educational requester.

II. **Defendant's Response to the Request**

12. On June 12, 2025, Defendant acknowledged Plaintiff's FOIA Request via email and assigned it FOIA Number 2025-05084. *See* Exhibit B, Correspondence with BOP, at 1.

13. Defendant stated that it is "extending the time limit to respond to [Plaintiff's] request beyond the ten additional days provided by the statute" due to "unusual circumstances." *Id*. (citing 5 U.S.C. § 552 (a)(6)(B)(i)-(iii)). Defendant claimed that "unusual circumstances" in this case include that the records sought "require a field office to search for and collect records and/or [BOP] expect[s] any records responsive to [Plaintiff's] request will be voluminous and require significant time to review, and/or [Plaintiff's] request requires consultation with at least one other agency with a substantial interest in your request." *Id*. Defendant did not further explain which field offices would need to be searched, which other agencies would need to be consulted, or why BOP expects responsive records to be voluminous.

14. Defendant designated the matter as "complex" and estimated up to nine months for processing. *Id*. Defendant explained that Plaintiff can narrow the scope of the Request in order to limit the number of responsive records.

15. Defendant deferred on making any decision with respect to Plaintiff's fee waiver request. *Id*.

16. By email dated July 23, 2025, Plaintiff requested an update on the status of the Request and asked the BOP FOIA Office whether he can narrow the Request to expedite the production. *Id*. at 2. BOP replied to this email on July 31, 2025, stating that BOP cannot provide Plaintiff with an estimated completion date and directing Plaintiff to BOP's website (https://www.bop.gov/foia/index.jsp#tabs-6) to check the status of his request. *Id*. BOP did not acknowledge or respond to Plaintiff's suggestion of narrowing the Request in order to accelerate production of responsive records.

17. To date, Plaintiff has received no further correspondence or response from Defendant with respect to the Request.

18. As of November 14, 2025, it has been 113 working days since the Request was received by Defendant.

19. Plaintiff has not received a determination from Defendant in response to the Request that communicates the scope of the documents that the agency will produce and the scope of the documents that the agency plans to withhold under any FOIA exemptions.

20. Plaintiff has not received any production from Defendant in response to the Request.

21. Plaintiff has not received a decision from Defendant regarding Plaintiff's request for a fee waiver.

## FIRST CAUSE OF ACTION

### Violation of FOIA for Failure to Disclose and Release Responsive Records

22. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if repeated and incorporated herein.

23. By failing to make a determination on Plaintiff's FOIA request within the mandated statutory timeframe, by failing to disclose and release the requested records, and by failing to conduct an adequate search reasonably calculated to uncover responsive records, Defendant has violated the public's right, advanced by Plaintiff, to agency records under 5 U.S.C. §§ 552 *et seq*.

## SECOND CAUSE OF ACTION

### Violation of FOIA for Failure to Grant Plaintiff's Request for Fee Waiver

24. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if repeated and incorporated herein.

25. By failing to grant or denying Plaintiff's request for a fee waiver, Defendant has denied Plaintiff's rights under 5 U.S.C. § 552(a)(4)(A)(iii) and Defendant's own regulations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Declare unlawful Defendant's failure to make a determination on the FOIA Request within the statutory time frame and failure to disclose the records requested by Plaintiff;

b. Order Defendant to immediately and fully process and disclose all responsive, nonexempt records, and enjoin Defendant from improperly withholding requested records;

c. Enjoin Defendant from assessing fees or costs for the processing of Plaintiff's Request;

d. Award Plaintiff his costs and reasonable attorney's fees incurred in this action as provided by 5 U.S.C. §§ 552(a)(4)(E); and

e. Grant any other and further relief as this Court may deem just and proper.

Dated: November 14, 2025

Respectfully submitted,

*/s/ Amber Qureshi*
Amber Qureshi (D. Md. Bar No. 21218)
Law Office of Amber Qureshi, LLC
6925 Oakland Mills Rd, PMB #207
Columbia, MD 21045
Tel: (443) 583-4353
amber@qureshilegal.com

*Counsel for Plaintiff*